IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| LUNDES GARRETT JUNE GARRETT, | : | BANKRUPTCY NO.: 5-11-bk-01800-JJT |
| DEBTORS | : | |

*****************************************************************

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC s/b/m/t CHASE MANHATTAN MORTGAGE CORPORATION, MOVANT | : | {**Nature of Proceeding**: Debtors' Motion to Vacate/Reconsider Order Granting Motion for Relief from Automatic Stay (Doc. #52)} |
| vs. | : | |
| LUNDES GARRETT JUNE GARRETT JOHN J. MARTIN, Chapter 7 Trustee, RESPONDENTS | : | |

*****************************************************************

| | | |
|---|---|---|
| JP MORGAN CHASE BANK NA a/k/a CHASE AUTO FINANCE, MOVANT | : | {**Nature of Proceeding**: Bank's Motion for Reconsideration of Order Denying Motion for Relief from the Automatic Stay (Doc. #56)} |
| vs. | : | |
| LUNDES GARRETT JUNE GARRETT JOHN J. MARTIN, Chapter 7 Trustee, RESPONDENTS | : | |

# **OPINION**

Lundes and June Garrett filed bankruptcy under Chapter 7 in this Court on March 15, 2011, as pro se Debtors. Shortly thereafter, on April 1, 2011, Chase Home Finance, LLC, s/b/m/t Chase Manhattan Mortgage Corporation, filed for relief from the automatic stay in order to terminate the automatic stay as to the Debtors' real estate. After hearing held on May 17,

2011, the Court found cause to grant relief from the automatic stay and relief was granted. (Doc. #47) The Debtors subsequently filed a Motion to Vacate (Doc. #52) and a Notice of Appeal to the District Court (Doc. #53). While the Motion to Vacate was pending, the District Court dismissed the appeal for failure to follow appropriate procedures and orders. *Garrett v. Chase Home Finance, LLC*, No. 3:11-cv-01235-JMM (M.D.Pa. Aug. 10, 2011).

Notwithstanding the dismissal of the appeal, I read Federal Rule of Bankruptcy Procedure 8002(b)[1] as leaving open for disposition the Motion to Vacate pending before me.

On a parallel note, JP Morgan Chase Bank NA a/k/a Chase Auto Finance, on April 5, 2011, filed a Motion for Relief from the automatic stay regarding the Debtors' automobile. On May 17, 2011, a hearing was conducted at which the Debtors indicated their opposition, and relief was denied for reasons set forth on the record. (Doc. #46) On June 2, 2011, JP Morgan Chase Bank filed a Motion to Reconsider that ruling. (Doc. #56)

On October 20, 2011, during the pendency of these two reconsideration motions, the Debtors received their bankruptcy discharge, effectively terminating the automatic stay as to the Debtors' property. 11 U.S.C. § 362(c)(2)(C). To the extent that the Movants are seeking relief

---

[1] (b) *Effect of Motion on Time for Appeal.* If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.
Federal Rule of Bankruptcy Procedure 8002(b).

against property of the estate, the Chapter 7 Trustee has interposed no defense and the Movants are entitled to judgment. Accordingly, an Order denying the Debtors' Motion to Vacate the Order granting relief regarding the real estate will be entered. Moreover, an Order granting JP Morgan Chase Bank's Motion to Reconsider regarding the vehicle will be entered to the extent that the vehicle remains part of the property of the estate. To the extent that the vehicle is property of the Debtors, the Motion to Reconsider is mooted by the terms of Section 362(c)(2)(C).

My Orders will follow.

By the Court,

Date: October 25, 2011

John J. Thomas, Bankruptcy Judge
(CMS)